UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RANDY HOLLOWAY,

            Plaintiff,                           Case No. 1:09-cv-208

v.                                                     Honorable Robert Holmes Bell

D. REED,

            Defendant.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff Randy Holloway presently is incarcerated at the Bellamy Creek Correctional Facility, though the actions he complains of occurred while he was housed at the Michigan Reformatory (RMI). He sues RMI Corrections Officer D. Reed.

Plaintiff alleges that, on March 15, 2007 at 2:30 p.m., he was on his way to the restroom. Defendant Reed stopped him, advising him that he could not use the restroom without permission. Plaintiff told Defendant Reed that his need to use the restroom was urgent, but Reed indicated that Plaintiff needed authorization to be out of his cell. Plaintiff alleges that he was forced to relieve himself in the trash can in his cell. According to Plaintiff, Defendant Reed was well aware that Plaintiff had a medical detail for continuous use of the restroom. Reed, however, claimed that Health Care told him that Plaintiff did not have a valid medical detail. Plaintiff alleges that Reed was deliberately indifferent to his basic human needs, and he seeks $25,000.00 in punitive damages.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965;

*Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences).  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might

endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Allegations about temporary inconveniences, e.g, being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions of confinement fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Rhodes*, 452 U.S. at 347 (1981)). The one-time denial of Plaintiff's request to use the toilet is insufficient, by itself, to state a claim under the Eighth Amendment. *See Hartsfield v. Vidor,* 199 F.3d 305, 310 (6th Cir. 1999) (stating that "deprivations of fresh water and access to the toilet for a 20-hour period, while harsh, were not cruel and unusual punishment") (citing *Stephens v. Carter County Jail*, 816 F.2d 682 (6th Cir.1987)). Plaintiff therefore fails to state an Eighth Amendment claim.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>April 17, 2009</u>              <u>/s/ Robert Holmes Bell</u>
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE